**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0317n.06
Filed: April 26, 2005

**Case No. 03-2407**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| SYLVIA FISHER, LEGAL GUARDIAN OF ERVIN LAMARR AGEE, IV., A MINOR, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| MONUMENTAL LIFE INSURANCE COMPANY, a Maryland Corporation; DIRECT RESPONSE INSURANCE ADMINISTRATIVE SERVICES, INC., a Minnesota Corporation, | ) ) ) ) ) | |
| Defendants-Appellees. | ) ) ) | |
| _____ | ) | |

**BEFORE:  BATCHELDER and COLE, Circuit Judges; RUSSELL,[*] District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.**  Sylvia Fisher, Legal Guardian of Beneficiary Ervin Lamarr Agee, IV., a minor, ("Fisher") appeals the district court's Order denying summary judgment to Fisher and granting summary judgment to Monumental Life Insurance Company ("Monumental") and Direct Response Insurance Administrative Services, Inc. on Fisher's breach of contract claim arising out of Monumental's denial of death benefits under an accidental death insurance policy applied for by her daughter ("Decedent").  The district court held that the language of the insurance policy clearly and unambiguously required Decedent to pay her first premium before coverage became effective under the policy, and that because Decedent died before making

---

[*]The Honorable Thomas B. Russell, District Judge for the Western District of Kentucy, sitting by designation.

her first premium payment, Monumental was not obligated to pay the benefits and its refusal to do so did not constitute a breach of the insurance contract. The district court further held that the unambiguous language of the policy stated that the policy was issued in consideration of the payment of the premiums provided for in the policy's terms, and because the premium was not paid, the insurance contract was void and could not be enforced against Monumental. Finally, the district court held that Fisher had failed to provide any evidence to support her alternative claim of estoppel.

After carefully reviewing the record presented to us on appeal, the applicable law and the parties' briefs, we are convinced that the district court did not err in its conclusions. The record demonstrates that no material facts remain in dispute, and the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision. Issuance of a full written opinion by this court, therefore, would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.